IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LINDA TOLBERT,                       :
                                     :
            Plaintiff,               :
                                     :      CIVIL ACTION
v.                                   :      FILE NO. 1:21-CV-04165-TWT
                                     :
PUBLIX SUPER MARKETS, INC.           :
                                     :
            Defendant.               :

### DEFENDANT PUBLIX SUPER MARKETS, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiff filed this case against Publix Super Markets, Inc. (hereinafter, "Publix"), which arises out of an alleged slip-and-fall at Publix Store Number 1143, located at Stillwood Pavilion, 1111 Lower Fayetteville Road, Newnan, Georgia 30265, on December 20, 2018. On that date, the Plaintiff Linda Tolbert (hereinafter, "Plaintiff" or "Mrs. Tolbert") entered the Publix store and while walking in the deli section, she alleges that she slipped on a greasy spot she says was on the floor and was injured as a result. Publix maintains that Assistant Deli Manager Christine Thompson made a reasonable inspection of the location where Plaintiff fell approximately 10 minutes prior to Plaintiff's fall as well as following the fall, and

- 1 -

noted that the floor was clean and free of any substances that could have contributed to Plaintiff's fall.

## II. **STATEMENT OF FACTS**

The Plaintiff, Linda Tolbert

In the late afternoon of December 20, 2018, Linda Tolbert drove to the Publix store at Stillwood Pavilion in Newnan, Georgia, to shop for baking items for her Christmas baking projects.[1] Mrs. Tolbert chose to drive to the Publix because it is a "clean store" and the employees are nice.[2]

When Mrs. Tolbert got out of her car, she walked across the parking lot and into the store.[3] Once inside, Mrs. Tolbert started by the deli, then moved toward the produce section, which was toward the back of the store.[4]

Between the deli and the produce sections, but closer to the deli,[5] Mrs. Tolbert said she started sliding on a greasy spot, and that her ankle began to turn to the side.[6] Mrs. Tolbert said her right foot[7] then slipped out from under her and led to her falling back, with her shopping buggy coming back on her.[8] There were no items yet in the

---

[1] See Plaintiff's Complaint (Exhibit "A"), ¶ 2; Deposition of Plaintiff (Exhibit "B"), 25:10-24
[2] Deposition of Plaintiff, 21:9-14.
[3] Id., 26:9-10.
[4] Id., 26:10-12; 28:10-16.
[5] Id., 28:10-16; 29:1-3.
[6] Id., 26:12-14.
[7] Id., 29:21-24.
[8] Id., 26:14-20.

Mrs. Tolbert's buggy other than her purse, which was placed in the child seat area of the buggy.[9] At the time of her incident, Mrs. Tolbert was wearing slip-on women's ankle-height dress boots with about a two or two-and-a-half inch heel.[10]

Mrs. Tolbert has testified that she did not see anything on the floor either before she fell, or at the time she fell.[11] Mrs. Tolbert said that after she fell, she thought "something real greasy" was on the floor—something that was colorless, odorless, and not "slick," but "like wax, like something waxy or greasy."[12] She could not specify how big of an area the substance covered, but just said that she could see where her foot slipped in it.[13]

Mrs. Tolbert said that pretty quickly thereafter, a male Publix associate saw her and came to her assistance.[14] Mrs. Tolbert did not recall whether the male Publix associate actually helped her to stand up or whether she was able to stand up on her own.[15] Mrs. Tolbert did recall seeing the male associate look at the floor when helping her, but did not see him do anything with the floor, like get a mop bucket, a mop, paper towels, or anything like that, in her presence.[16] Mrs. Tolbert also recalled

---

[9] Id., 26:21 – 27:7.
[10] Id., 27:8-21; Affidavit of Christine Thompson (Exhibit "C"), ¶ 12.
[11] Deposition of Plaintiff, 29:4-8.
[12] Id., 30:8 – 31:5.
[13] Id., 31:8-10.
[14] Id., 34:24 – 35:4
[15] Id.
[16] Id., 36:18-24.

a female associate, a "deli manager," coming to her assistance as well, but Mrs. Tolbert did not recall seeing the deli manager look at the floor while assisting her.[17] Mrs. Tolbert then walked to the back of the store where she said she met with a store manager, and told him she hurt in her back, filled out a paper he gave her, then finished her shopping, paid for her groceries, walked out of the store, and drove home.[18]

Publix Assistant Deli Manager Christine Thompson

On December 20, 2019, Christine Thompson was working as the Assistant Deli Manager of Publix Store 1143 at Stillwood Pavilion in Newnan, Georgia, where the Plaintiff's incident occurred.[19] Ms. Thompson saw Mrs. Tolbert on the day of the incident.[20] Ms. Thompson had performed a visual inspection of the area where Ms. Tolbert fell, approximately 10 minutes before the fall.[21] Ms. Thompson did not observe and is not aware of any substance on the floor during this prior-to-incident inspection, and is not aware of any substance at all that contributed to Mrs. Tolbert's fall.[22]

---

[17] Id., 35:14-16; 36:15-17.
[18] Id., 37:14 – 38:25.
[19] Affidavit of Christine Thompson, ¶ 4.
[20] Id., ¶ 12.
[21] Id., ¶ 13.
[22] Id.

Ms. Thompson also inspected the scene after the incident, and found that the floor was clean.[23] In this subsequent inspection, she did not observe any substance or item on the floor that could have contributed to Plaintiff's fall.[24]

Ms. Thompson is also familiar with Publix's "Don't Pass It Up, Pick It Up" policy.[25] As part of the "Don't Pass It Up, Pick It Up" policy, Publix Associates visually scan the floors while they are working.[26] All Publix Associates are instructed that if they observe any debris or other hazardous conditions, under the Publix "Don't Pass It Up, Pick It Up" policy, they are to either remove the hazard at the time it is discovered, or stay with the hazard until another associate retrieves the materials necessary to remove the hazard and clean the floor.[27] Publix Associates are instructed on the "Don't Pass It Up, Pick It Up" policy and instructed to be aware of the store environment including the floors and to visually scan the floor for hazards as they are working.[28] In addition, Publix Associates are instructed to carry a paper towel in their pocket so that is a small amount of liquid from the floor.[29] On the day

---

[23] Id., ¶ 14.
[24] Id.
[25] Id., ¶ 15.
[26] Id.
[27] Id.
[28] Id.
[29] Id.

of Mrs. Tolbert's fall, to the best of Ms. Thompson's knowledge, all Publix Store 1143 employees were in compliance with the "Don't Pass It Up, Pick It Up" policy.[30]

## III. ARGUMENT AND CITATIONS OF AUTHORITY

### PREMISES LIABILITY LAW

In a premises liability case, a business owner's liability to an invitee is based on the owner's failure to exercise ordinary care in keeping the business premises and the persons safe.[31]   However, in Georgia, "owners or occupiers of land are not insurers of the safety of invitees."[32] As a matter of law, a premises owner is under no obligation to continuously inspect its premises in exercising ordinary care in keeping its premises and approaches safe and is under no duty to continuously patrol its premises in the absence of facts showing that the premises are unusually dangerous.[33]

The mere fact that a patron falls, without more, does not give rise to liability on the part of the owner or occupier of the premises.[34] For a claim to be actionable, a Plaintiff must show the existence of a duty, the omission to exercise ordinary reasonable care in connection therewith, and injury caused by the breach of that

---

[30] Id., ¶ 16.
[31] See O.C.G.A. § 51-3-1, Robinson v. Kroger Co., 268 Ga. 735, 748-49, 493 S.E.2d 403 (1997); Somers v. M.A.U., Inc., 289 Ga.App. 731, 658 S.E.2d 242 (2008).
[32] Orff v. Stonewood Restaurant Group, LLC, 285 Ga.App. 488, 646 S.E.2d 702 (2007).
[33] Browning v. Sears, Roebuck & Co., 173 Ga.App. 898, 328 S.E.2d 580 (1985).
[34] Thomas v. Deason, 289 Ga.App. 753, 755-56, 658 S.E.2d 165 (2008).

duty.[35] "It is a well settled principal of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence."[36]

In order for Plaintiff to recover in this case, she must establish that Publix had either actual or constructive knowledge of a hazard on the premises.[37] Before an owner can be held liable for slippery conditions of his floors produced by the presence of a foreign substance thereon, it is necessary that proof be shown that the owner was aware of the substance or would have known of its presence had he exercised reasonable care.[38] In this case, it is clear that Publix had no actual knowledge of any hazard, so the question becomes whether Publix had constructive knowledge.

### A. Defendants Exercised Reasonable Care In Inspecting The Premises

In order to establish a want of reasonable care of inspecting and keeping the premises in a safe condition, a Plaintiff must prove that a liquid or foreign substance was permitted to remain on the proprietor's floor for a sufficient length of time to give a Defendant the opportunity to discover it.[39] Without such proof, it is not

---

[35] Patillo v. Thompson, 106 Ga.App. 808, 128 S.E. 2d 656 (1962).

[36] Shadburn v. Whitlow, et al., 243 Ga.App. 555, 580, 533 S.E. 2d 765 (2000).

[37] Mucyo v. Publix Super Markets, Inc., 301 Ga.App. 599, 688 S.E. 2d 372 (2009); see also Somers v. M.A.U., Inc., 289 Ga.App. 731, 732, 658 S.E.2d 242, 243 (2008).

[38] Alterman Foods, Inc. v. Ligon, 246 Ga. 620, 272, S.E.2d327 (1980).

[39] Bolton v. Wal-Mart Stores, Inc., 257 Ga.App. 198, 570 S.E.2d 643 (2002); Roberson v. Winn-Dixie Atlanta, Inc., 247 Ga.App. 825, 544 S.E.2d 494 (2001); J.H. Harvey Co. v. Reddick, 240 Ga.App. 466, 522 S.E.2d 749 (1999); Rush v. Food Giant, Inc., 183 Ga.App. 388, 358 S.E.2d

possible to determine whether a Defendant had been afforded a reasonable time within which to inspect and remove the hazard.[40]  When a defendant demonstrates that it had a reasonable inspection program in place that was actually carried out at the time of the incident, Plaintiff then has the burden of showing long the substance was on the floor.[41]

Publix Associates follow the "Don't Pass It Up, Pick It Up" policy. As part of the "Don't Pass It Up, Pick It Up" policy, Publix Associates visually scan the floors while they are working. All Publix Associates are instructed that if they observe any debris or other hazardous conditions, under the Publix "Don't Pass It Up, Pick It Up" policy they are to remove the hazard at the time it is discovered or stay with the hazard until another associate retrieves the materials necessary to remove the hazard and clean the floor. Publix Associates are instructed on the "Don't Pass It Up, Pick It Up" policy and instructed to be aware of the store environment including the floors and to visually scan the floor for hazards as they are working. In addition, Publix Associates are instructed to carry a paper towel in their pocket so that if a small amount of liquid is noticed they can easily clean it from the floor. On the day of the

---

919 (1987).

[40] Winn-Dixie Stores v. Hardy, 138 Ga.App. 342, 226, S.E.2d 142 (1976).

[41] *See* Straughter v. J.H. Harvey Co., 232 Ga.App. 29, 500 S.E.2d 353 (1998); *see also* Matthews v. The Varsity, Inc., 248 Ga.App. 512, 546 S.E. 2d 878, 881 (2001).

incident, all associates were in compliance with the "Don't Pass It Up, Pick It Up" policy.

There is no evidence that Publix breached its duty to the Plaintiff or proximately caused the Plaintiff's injuries. Publix exercised reasonable care in maintaining the premises. Numerous courts have held that the Publix "Don't Pass it Up, Pick it Up" inspection procedure, or others like it, is adequate as a matter of law.[42]

In addition to the clear reasonableness of the Publix policy, as the Northern District of Georgia has noted, "Georgia cases have held that a store owner is not liable for failing to discover a hazard that has not been present for more than 10 or 15 minutes."[43] In fact, in Mazur v. Food Giant, Inc., 183 Ga. App. 453, 454, 359 S.E.2d 178, 179 (1987), the Georgia Court of Appeals wrote:

---

[42] See Neese v. Publix Super Markets, Inc., Case No 1:11-CV-1333-ODE, at *15 (N.D. Ga. Mar. 9, 2012) (Publix "Don't Pass it Up, Pick it Up" policy is a reasonable inspection policy); King v. Wal-Mart Stores East. LP, Case No. 1:13-CV-2763-WSD, at *3, 2014 WL 4248417 (Aug. 27, 2014) (Wal-Mart zone defense, which requires employees to constantly be aware of what is going in the area, to look for any potential hazard and to correct them, is reasonable); Haskins v. Piggly Wiggly South, Inc., 230 Ga. App. 140, 144 (1998) (Piggly Wiggly inspection policy that had no specific set times for checking the floors, but had a store policy requiring that the management and employees maintain a continuous lookout for spills, so that corrective action could be taken was a reasonable policy).

[43] Heath v. Wal-Mart Stores E., LP, 697 F. Supp. 2d 1373, 1381 (N.D. Ga. 2010), citing numerous Georgia cases including Coffey v. Wal–Mart Stores, Inc., 224 Ga.App. 824, 828, 482 S.E.2d 720 (1997) (substance on floor less than 15 minutes); Jester v. Ingles Market, Inc., 206 Ga. App. 327, 328, 425 S.E.2d 323 (1992) (substance on floor less than 10 minutes); Smith v. Winn–Dixie Atlanta, Inc., 203 Ga.App. 565, 566, 417 S.E.2d 202 (1992) (substance on floor less than 10 to 15 minutes); Mallory v. Piggly Wiggly S., Inc., 200 Ga.App. 428, 430, 408 S.E.2d 443

> Where it appears a foreign object had "not been present for more than 10 to 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it." Jones v. West End Theatre Co., 94 Ga. App. 299, 303, 94 S.E.2d 135 (1956).

In this case, there is no direct evidence to suggest that there was any foreign item present for even a minute. In fact, Mrs. Tolbert testified that she never saw any substance on the floor prior to or during her fall, which caused her fall. This is consistent with the affidavit testimony of Christine Thompson, who said there were no substances or items on the floor. If there was any foreign substance, the evidence shows that no person, including Plaintiff, was aware of it or observed it at any point prior to the fall.

### B.    No Inference that the Alleged Substance Could Have Been Discovered Regardless of an Inspection

Although Publix had reasonable inspection procedures, the Court does not even need assess the reasonableness of those procedures, "if there is no evidence that the [alleged hazard] could have been discovered during a reasonable inspection, then no inference arises that the Defendant's failure to discover the defect as the result of any alleged failure to inspect."[44]   In essence, the Plaintiff must establish that had there been a reasonable inspection, the hazard would have been found and removed.

---

(1991) (substance on floor less than 5 minutes) and Mazur v. Food Giant, Inc., 183 Ga.App. 453, 454, 359 S.E.2d 178 (1987).

[44] Chastain v. CF Georgia North DeKalb L.P., 256 Ga.App. 802, 803, 569 S.E.2d 914, 916

Based upon the Plaintiff's own testimony, there is no evidence to show that the alleged hazard would have been discovered. The Plaintiff has no knowledge whatsoever of what the substance even was that was on the floor, if any. She could only say that it was greasy or waxy, that she did not know how big it was, and that she only saw where her foot had slipped in it.

The evidence shows that whatever caused the alleged slip by Plaintiff was not easily visible, if in fact it was present at all—a fact which Publix disputes. The evidence shows that no person, including Plaintiff, observed and/or was aware of the alleged substance at any point prior to or during the alleged incident, and no person cleaned up any alleged substance following the Plaintiff's fall.

Where there is no evidence that the alleged hazardous condition was easily visible, summary judgment may be granted to the Defendant.[45] The Georgia Court of Appeals has held that, "[I]n the absence of evidence [that] a reasonable inspection would have discovered the foreign substance, no inference can arise that Defendant's failure to discover the [defect] was the result of its failure to inspect."[46]

---

(2002).

[45] Lindsey v. Georgia Building Authority, 235 Ga.App. 718, 509 S.E.2d 749 (1998); Rodriguez v. City of Atlanta, 222 Ga.App. 383, 384, 474 S.E.2d 278 (1996).

[46] Hopkins v. Kmart Corp., 232 Ga.App. 515, 518, 502 S.E.2d 476, 479 (1998) (brackets in original).

In a similar slip and fall case, the Court of Appeals affirmed summary judgment to the premises owner where an alleged grease spot was not easily visible.[47] In that case, the <u>Brown</u> case, the Court found that the Plaintiff failed to "provide any evidence that the grease spot was present on the floor when the employees passed through the area and that the grease spot could have easily been seen by the employees."[48] Mrs. Tolbert has admitted that she did not know the size of the alleged grease spot, and admitted that the grease spot was not visible to her until after she had fallen.

"Accordingly, there is no evidence establishing that the grease spot was of a size or nature that would have made it easily visible."[49] This principle was again reaffirmed by the Georgia Court of Appeals.[50]

---

[47] <u>Brown v. Host/Taco Venture</u>, 305 Ga.App. 248, 699 S.E.2d 439 (2010).

[48] <u>Id.</u>, 305 Ga.App. at 250.

[49] <u>Id</u>. *See also* <u>Brown v. Publix</u>, No. 15-10504 (11th Cir., Sept. 8, 2015) (summary judgment affirmed; no evidence that grease spots were easily visible and removable); <u>Womack-Sang v. Publix</u>, No. 13-15339 (11th Cir., May 19, 2014) (summary judgment affirmed; Plaintiff unable to describe water and conceded that wet spot was difficult to discern); <u>Haskins v. Piggly Wiggly Southern, Inc.</u> 230 Ga.App. 350, 351 (inasmuch as the purported hazard was not readily visible Plaintiff could not show that hazard was easily seen and removable). <u>See</u> <u>also</u> <u>Blake v. Kroger Co.</u>, 224 Ga. App. 140, 144 (1996) (constructive knowledge could not be established by employee's presence when wet spot on floor was "barely visible"); <u>Coffey v. Wal-Mart Stores</u>, 224 Ga.App. 824 (1997) (The Plaintiff was unable to establish that Wal-Mart employee standing 8-10 feet away from clear liquid on off white floor could easily see and remove clear liquid even though employee was looking in direction of fall).

[50] *See* <u>Pirkle v. Quiktrip Corp.</u>, 325 Ga.App. 597, 754 S.E.2d 387 (Ga.App. 2014).

In <u>Chastain v. CF Georgia North DeKalb, L.P.</u>, summary judgment was granted to a janitorial service contractor, because the Plaintiffs could not show that the contractor had either actual or constructive knowledge of the alleged hazard.[51] There was no evidence in that case of actual knowledge, and constructive knowledge could not be inferred because the alleged hazard was, by the Plaintiffs' own admissions, so difficult to detect. Mr. Chastain testified that the alleged hazard (water) was not easily visible to him or to anyone else.[52] Mrs. Chastain testified that you had to look "kind of sideways" to see the water on the floor.[53] Plaintiffs were unable to show that the water could have been discovered during a reasonable inspection, and, therefore, summary judgment was appropriate.[54] The evidence in this case is more deficient than in <u>Chastain</u>.

Here, the Plaintiff cannot meet her burden to establish that there was a foreign substance on the subject floor which caused her to slip. Even minimally, Plaintiff cannot meet her burden of showing that the alleged substance was easily visible and discoverable. There is no evidence that the alleged hazard could have been discovered. Indeed, the Plaintiff's testimony conclusively establishes otherwise. The

---

[51] 256 Ga.App. 802, 569 S.E.2d 914 (2002).
[52] <u>Id.</u>, 256 Ga.App. at 803, 549 S.E.2d at 916.
[53] <u>Id.</u>, 256 Ga.App. at 804, 549 S.E.2d at 916.
[54] <u>Id.</u>

absence of any evidence that the alleged substance was easily visible, if even present, precludes any finding that Publix employees could have easily noticed and corrected the hazard and, therefore, summary judgment should be granted.[55]

More recently, Judge Totenberg addressed a similar situation, painstakingly reviewing cases similar to this case, where a Plaintiff had testified that the substance on the floor was not easily visible.[56] Judge Totenberg correctly noted that:

> [t]hese cases share a theme in a Plaintiff who testifies and admits that the hazard was difficult to see. And so the Plaintiffs in each of these cases shared the same problem: a hazard cannot be "easily visible" to an employee in the immediate vicinity of the fall if the Plaintiff acknowledges that the hazard was not very visible at all. . . . This common holding is fatal to Plaintiff's claim. She testified, repeatedly, that the liquid was not "easily visible." . . . Under *Mucyo, Passmore,* and others, this is sufficient to defeat Plaintiff's summary judgment claim.

Id. at p. 15 -16. Here, Plaintiff not only concedes the substance was not easily visible, she also concedes that **she did not** see the substance at any point prior to or during her fall.

Even more recently, Judge Cohen granted summary judgment to Publix in a case involving a slip and fall where the substance on the floor was not easily visible,

---

[55] Chastain, 256 Ga.App. 802, 569 S.E.2d 914 (2002), Rodriguez, 222 Ga. App. 383, 384, 474 S.E.2d 278 (1996), Hopkins, 232 Ga. App. 515, 518, 502 S.E.2d 476, 479 (1998); Brown v. Host/Taco Venture, 305 Ga.App. 248, 699 S.E.2d 439 (2010).

[56] *See* Allen v. Publix Super Markets, Inc., Case No. 1:15-CV-0234-AT (Aug. 12, 2016).

and, like this case, the Plaintiff testified that the substance was not easily visible .[57] Judge Cohen also rejected the argument that constructive knowledge may be inferred when there is evidence that the proprietor lacked a reasonable inspection procedure.[58] Judge Cohen further noted that regardless of the adequacy of any inspection procedure, summary judgment was proper when the alleged hazard was so difficult to detect that a reasonable inspection would not reveal it, and also that courts usually refuse to find constructive knowledge where Plaintiff essentially admits that a hazard could not be found upon a reasonable inspection.[59]

Like in Hill, Plaintiff in this case testified that whatever substance was on the floor was not easily visible. The only evidence suggesting that there was any substance on the ground comes from Plaintiff's statement that she saw where her foot had left a mark on the floor in a waxy or greasy substance. Plaintiff has presented no other evidence to support her assumption and/or allegations.

The testimony of Christine Thompson establishes that the area was free from any hazardous substance 10 minutes prior to, and after, Plaintiff's alleged fall, and

---

[57] Hill v. Publix Super Markets, Inc., Case No. 1:16-CV-4245-MHC (Feb. 5, 2018)
[58] Id.
[59] Id. *See also* Ware County v. Medlock, 192 Ga.App. 542, 550 (1989) (even outright proof or failure to inspect proves nothing if there is no evidence that an inspection would have enabled a Defendant to discover the concealed defective condition).

that an inspection occurred shortly before the fall. As such, that fact is established and demands summary judgment for Publix.[60]

## IV.   CONCLUSION

Plaintiff has failed to meet her burden on this case and Defendant is entitled to summary judgment. By Plaintiff's own admission, the alleged substance was never seen by her. Plaintiff has not provided any evidence that Publix had actual knowledge of the alleged substance on the floor. Moreover, there is no evidence that Publix had constructive knowledge of the alleged hazard. There is no evidence that the substance could have been discovered during a reasonable inspection. As such, Publix Super Markets, Inc., respectfully request that this Court grant Summary Judgment.

---

[60] Kappa Sigma Int'l Fraternity v. Tootle, 221 Ga. App. 890, 892, 473 S.E.2d 213, 215 (1996) ("Where direct and positive testimony is presented on an issue, the opposing party must show some other fact which contradicts the testimony. If this other fact is direct evidence, that is sufficient to allow the case to go to the jury; if the other fact is circumstantial evidence, it must be inconsistent with the Defendant's evidence, or if consistent, it must demand a finding of fact on the issue in favor of the Plaintiff."); See also See also Ware County v. Medlock, 192 Ga. App. 542, 550 (1989) (even outright proof or failure to inspect proves nothing if there is no evidence that an inspection would have enabled a Defendant to discover the concealed defective condition.)

- 17 -

This 8th day of July, 2022.

**FAIN, MAJOR & BRENNAN, P.C.**

*/s/ Joseph S. Knight*

One Premier Plaza
5605 Glenridge Drive, N.E.
Suite 900
Atlanta, Georgia  30342
(404) 688-6633
jhardee@fainmajor.com
jknight@fainmajor.com

JAMES W. HARDEE
Georgia State Bar No. 324399
JOSEPH S. KNIGHT
Georgia State Bar No. 205544
*Counsel for Publix Super
Markets, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LINDA TOLBERT,                           :
                                         :
          Plaintiff,                     :
                                         :          CIVIL ACTION
v.                                       :          FILE NO. 1:21-CV-04165-TWT
                                         :
PUBLIX SUPER MARKETS, INC.               :
                                         :
          Defendant.                     :

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served upon counsel for the opposing

parties in the foregoing matter a copy of the foregoing ***Brief in Support of***

***Defendant Publix Super Markets, Inc.'s Motion for Summary Judgment*** with the

Clerk of Court using the CM/ECF system, which will automatically send e-mail

notification of such filing to all attorneys of record as follows:

Graylin C. Ward
Ward Law Office
27 East Broad Street
Newnan, GA 30263
graylincward@gmail.com


This 8th day of July, 2022.

- 19 -

One Premier Plaza
5605 Glenridge Drive, N.E.
Suite 900
Atlanta, Georgia  30342
(404) 688-6633
jhardee@fainmajor.com
jknight@fainmajor.com

**FAIN, MAJOR & BRENNAN, P.C.**

*/s/ Joseph S. Knight*

JAMES W. HARDEE
Georgia State Bar No. 324399
JOSEPH S. KNIGHT
Georgia State Bar No. 205544
*Counsel for Publix Super Markets, Inc.*