Exhibit "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LINDA TOLBERT,                          :
                                        :
            Plaintiff,                  :
                                        :        CIVIL ACTION
v.                                      :        FILE NO. 1:21-CV-04165-TWT
                                        :
PUBLIX SUPER MARKETS, INC.              :
                                        :
            Defendant.                  :

## AFFIDAVIT OF CHRISTINE THOMPSON

Christine Thompson, being duly sworn, deposes, and on oath states as follows:

1.

I am over the age of 18 years, of sound mind, and competent to give this Affidavit.

2.

I give this Affidavit based upon my personal knowledge of the facts.

3.

I am currently employed with Publix Super Markets, Inc. I am an Assistant Deli Manager at Publix Store 1143 at Stillwood Pavilion in Newnan, Georgia.

4.

I held the position of Assistant Deli Manager at Publix Store 1143 at Stillwood Pavilion in Newnan, Georgia, on December 20, 2018. I was working on that day and at the time during which an incident occurred involving Ms. Tolbert.

5.

My duties as Assistant Deli Manager do not include directly supervising every store employee and every function of each employee's job. As Assistant Deli Manager, I am responsible for supervising the day to day activities of the various store associates working in the Publix Deli when I am working.

6.

The department managers and assistant department managers directly supervise the store associates (employees) and the associates answer to their specific department manager.

7.

As the Assistant Deli Manager assigned by Publix to Store 1143, I have no responsibility or authority to set the store hours for Publix Store 1143. I have no responsibility or authority to decide the products or prices of products that Publix sells to the public. I have no responsibility or authority to enter into store leases for Publix or to enter into contracts on Publix's behalf.

8.

I do not own or lease the property (Publix Store 1143) where the incident involving Ms. Tolbert occurred. I do not select or contract with the vendors who provided products to Publix to sell. I do not choose any of the construction materials used to build the store. I do not choose any vendor who assists in maintaining the store.

9.

I am an employee of Publix Super Markets, Inc. My wages, as well as other Publix associates, are paid by Publix.

10.

I do not determine the store layout or product placement. I report to the Deli department manager, who in turn reports to the Store Manager. The Store Manager reports to the Publix District Manager who, in turn, reports to a Publix Regional Manager.

11.

Within the Publix store structure, Store Managers and Assistant Store Managers have some responsibility for assuring that Publix associates receive the training prescribed by Publix. However, the Store Managers, Assistant Store Managers, Department Managers, or Assistant Department Managers are not the authors or preparers of such training materials. I do not create the Publix training materials or guidelines. However, all Publix Associates are trained so as to

provide premier service to its customers and to assure that shopping is a pleasure at Publix. As noted, department managers assist the Store Manager and Assistant Store Managers in managing the store. The department managers are responsible for assuring that the associates who work within their departments are receiving the appropriate training and the training materials are primarily provided by Publix.

12.

On December 20, 2018, the date of the incident involving the Plaintiff, Ms. Tolbert, I observed the Plaintiff to be wearing ankle boots with approximately 2 to 2 ½ heels.

13.

I did not commit any act that caused the Plaintiff to slip. I had no knowledge of any substance on the floor and I did not cause any substance to be placed on the floor. I am not aware of any substance that contributed to the fall. I performed a visual inspection of this area approximately 10 minutes before the fall.

14.

I inspected the scene after the incident and the floor was clean. I did not observe any substance or item on the floor that could have contributed to Plaintiff's fall.

4

15.

Publix utilizes a "Don't Pass It Up, Pick It Up" policy. As a Publix Associate and Assistant Deli Manager, if I observe any debris or other hazardous conditions, under the Publix "Don't Pass It Up, Pick It Up" policy I remove the hazard at the time it is discovered or I stay with the hazard while another Publix Associate retrieves the materials necessary to remove the hazard and clean the floor. As a Publix Associate, I was instructed on the "Don't Pass It Up, Pick It Up" policy and instructed to be aware of the store environment including the floors and to visually scan the floor for hazards as I am working. In addition, Publix Associates, including managers are instructed to carry a paper towel in their pocket so that if a small amount of liquid is encountered on the floor, the Publix Associate can remove that liquid from the floor. As part of the "Don't Pass It Up, Pick It Up" policy, Publix Associates including myself visually scan the floors while they are working. All Publix Associates are to be engaged in an ongoing inspection, sweeping and cleaning of the store premises throughout the business day so as to provide Publix customers and guests with a clean, safe, and pleasant shopping environment.

16.

The employees at Store 1143 are trained in the "Don't Pass It Up, Pick It Up" policy and to the best of my personal knowledge all employees followed that inspection procedure on the day of Ms. Tolbert's fall.

FURTHER AFFIANT SAYETH NOT.

_____
Christine Thompson

Sworn to and subscribed before me

this ___7ᵗʰ___ day of ~~April~~ July, 2022.

_____
NOTARY PUBLIC (SEAL)
My commission expires: 5/27/23

6