IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LINDA E. TOLBERT,

    Plaintiff,

      v.

PUBLIX SUPER MARKETS, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:21-CV-4165-TWT

**OPINION AND ORDER**

This is a slip-and-fall case removed to this Court on the basis of diversity jurisdiction. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 11]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 11] is GRANTED.

### I.    Background[1]

On December 20, 2018, the Plaintiff Linda Tolbert visited a grocery store of the Defendant Publix Super Markets, Inc. in Newnan, Georgia. (Def.'s Statement of Undisputed Material Facts ¶ 1.) While walking from the deli section to the produce section, Tolbert stated that she slipped on a greasy spot and fell backward onto the floor. (*Id.* ¶¶ 5–6.) Tolbert stated that she did not

---

[1] The operative facts on the Motion for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

see anything on the floor before she fell or at the time she fell because she was looking toward the deli, and not at the floor. (*Id.* ¶ 9; Tolbert Dep., at 29:4–8, 29:15–17, 30:1–3.) She specified that the substance on the floor was clear in color, odorless, and "something real greasy," like wax. (Def.'s Statement of Undisputed Material Facts ¶ 10.) After Tolbert fell, she stated that a male Publix associate saw her on the floor and came to her assistance. (*Id.* ¶ 12.) Tolbert alleges that this Publix associate told her that "[the floor] was greasy there a lot." (Pl.'s Statement of Add'l Undisputed Material Facts ¶ 32.)[2]

Tolbert also recalled a female Publix associate (a "deli manager" by her recollection) coming to her assistance after she fell. (Def.'s Statement of Undisputed Material Facts ¶ 15.) Christine Thompson was working as an assistant deli manager at Publix on the day of Tolbert's fall. (*Id.* ¶ 17.)[3] Thompson stated that she performed a visual inspection of the area where

---

[2] Publix objects to this Statement of Additional Material Fact on the ground that it is inadmissible hearsay. (Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 2–3.) The Court assumes for this Motion for Summary Judgment (but without definitely ruling) that this evidence would be admissible under Federal Rule of Evidence 801(d)(2) as an admission by a party's agent or employee on a matter within the scope of the employment relationship. *See Allen v. Publix Super Markets, Inc.*, No. 1:15-CV-0234-AT, at 16 (N.D. Ga. Aug. 12, 2016).

[3] Tolbert objects to Publix's seventeenth Statement of Material Fact on the ground that she is "without sufficient knowledge to admit or deny" the fact. The Court finds this objection improper and therefore deems the fact admitted. *See* Local Rule N.D. Ga. 56.1(B)(2)(a)(4) ("The response that a party has insufficient knowledge to admit or deny is not an acceptable response unless the party has complied with the provisions of Fed. R. Civ. P. 56(d)."). The Court finds nothing in the record suggesting that Tolbert has complied with Federal Rule of Civil Procedure 56(d).

Tolbert fell approximately ten minutes before her fall. (*Id.* ¶ 19.) Thompson also stated that she did not observe any substance on the floor where Tolbert fell, either prior to her fall or after her fall. (*Id.* ¶¶ 20–21.)

Finally, Thompson substantiated the requirements of Publix's "Don't Pass It Up, Pick It Up" policy ("Inspection Policy" or "Policy"), which required Publix employees to visually scan the floors for potential hazards while working. (*Id.* ¶ 24.) When Publix employees encountered any debris or other hazardous conditions, they were required to either remove the hazard themselves or stay with the hazard until another Publix employee removed it. (*Id.* ¶ 25.) The Inspection Policy also required that Publix employees always carry a paper towel to clean up small spills. (*Id.* ¶ 27.) Thompson claimed that, to the best of her knowledge, all Publix employees working at the store on the day of Tolbert's fall complied with the Inspection Policy. (*Id.* ¶ 28.)

On November 4, 2020, Tolbert filed a negligence suit against Publix in the State Court of Coweta County, claiming damages for the injuries she sustained when she slipped and fell. (Compl. ¶¶ 5–14.) On October 8, 2021, Publix removed the underlying action to this Court on the basis of diversity jurisdiction. Publix now moves for summary judgment as to Tolbert's negligence claim. (Def.'s Mot. for Summ. J.)

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue

of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III.   Discussion

Publix claims that it is entitled to summary judgment on Tolbert's negligence claim because the evidence shows that it had no actual or constructive knowledge of the alleged substance that caused Tolbert's fall. (Br. in Supp. of Def.'s Mot. for Summ. J., at 16.) In response, Tolbert contends that Publix had constructive knowledge as a matter of law. (*See* Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 5.)

Under Georgia law, an owner of land is liable for injuries to invitees caused by the owner's failure to exercise ordinary care in keeping the premises safe. O.C.G.A. § 51-3-1. The owner's duty to exercise ordinary care "requires the owner to protect the invitee from unreasonable risks of harm of which the owner has superior knowledge and to inspect the premises to discover possible dangerous conditions of which the owner does not have actual knowledge."

4

*Kauffman v. Eastern Food & Gas, Inc.*, 246 Ga. App. 103, 104 (2000). To prove negligence in a slip-and-fall case, "the plaintiff must show (1) the defendant had actual or constructive knowledge of the foreign substance and (2) the plaintiff lacked knowledge of the substance or for some reason attributable to the defendant was prevented from discovering it." *Shepard v. Winn Dixie Stores, Inc.*, 241 Ga. App. 746, 747 (1999) (citing *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1997)).

In support of its motion for summary judgment, Publix relies primarily on its argument that it lacked constructive knowledge of the alleged foreign substance that caused Tolbert's fall. (Br. in Supp. of Def.'s Mot. for Summ. J., at 7, 16.) And in response, Tolbert does not appear to be claiming that Publix had actual knowledge of the alleged substance. (*See* Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 5.) Thus, to survive summary judgment at present, Tolbert must show that there is a genuine issue of material fact as to whether Publix had constructive knowledge of the alleged hazard. Generally, "[t]here are two established ways to prove constructive knowledge in a slip and fall case: (1) show that an employee of the defendant was in the immediate area of the hazard and could have easily seen it, or (2) show that the foreign substance remained long enough that ordinary diligence by the defendant should have discovered it." *Mock v. Kroger Co.*, 267 Ga. App. 1, 2 (2004). The Court addresses both prongs of the constructive knowledge test in turn.

5

### A. Whether a Publix Employee Was in the Immediate Area of the Hazard and Could Have Easily Seen It

Publix argues that it lacked constructive knowledge under the first prong because Tolbert conceded the alleged grease spot was not visible to her until after she had fallen, and thus, it could not have been easily seen by any Publix employee. (Br. in Supp. of Def.'s Mot. for Summ. J., at 12.) Tolbert argues that excerpts from her deposition establish that a Publix employee was in the immediate area of her fall and therefore that Publix had constructive knowledge of the hazard under the first prong of the test. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 6.)

Under the first prong, "[s]howing that an employee was in the vicinity of a foreign substance is not sufficient to preclude summary judgment. It must be shown that the employee was in a position to have easily seen the substance and removed it." *Bolton v. Wal Mart Stores, Inc.*, 257 Ga. App. 198, 198 (2002). The pertinent inquiry under the test is whether the alleged harmful substance was easily visible *before* the fall. *Brown v. Host/Taco Joint Venture*, 305 Ga. App. 248, 250-51 (2010) (finding that a slip-and-fall plaintiff could not establish constructive knowledge where the plaintiff admitted "that the grease spot on the floor was not easily visible to him prior to the fall"). Moreover, a plaintiff's own admission that the substance was difficult to detect is often fatal to her claim of constructive knowledge under the first prong. *See, e.g., Chastain v. CF Georgia N. Dekalb L.P.*, 256 Ga. App. 802, 804 (2002).

The Court finds that Tolbert cannot establish constructive knowledge under the first prong. Tolbert testified that she did not see the substance that allegedly caused her fall before she fell because she was looking toward the deli (and not at the floor) when she fell. (Tolbert Dep., at 29:4–8, 29:15–17, 30:1–3.) Tolbert never specifically stated that the substance was not easily visible, but she did state that the substance was not visible to her when she stepped on it. (*Id.* at 30:14–15.) Further, Tolbert testified that the substance she slipped on was "clear" in color. (*Id.* at 31:4–5.) The Court finds that Tolbert's testimony about the alleged hazard is analogous to the testimony of the plaintiffs in *Brown* and *Chastain*. "Because there is no evidence that the purported hazard was readily visible to [Tolbert] or others who were in her immediate vicinity at the time she fell," she has failed to establish that any Publix employee could have easily seen and removed the hazard. *Mucyo v. Publix Super Mkts, Inc.*, 301 Ga. App. 599, 601 (2009). Accordingly, Tolbert will have to establish constructive knowledge under the second prong to survive Publix's motion for summary judgment.

### B. Whether the Foreign Substance Remained Long Enough That Ordinary Diligence by Publix Should Have Discovered It

In addition to showing constructive knowledge when an employee was in the immediate vicinity and the hazard was easily visible, a plaintiff can show constructive knowledge when the hazardous substance at issue remained on the floor long enough that ordinary diligence by the defendant should have

7

discovered it. *Mock*, 267 Ga. App. at 2. To begin with, constructive knowledge under the second prong may be inferred when the store owner lacked a reasonable inspection procedure. *Shepard*, 241 Ga. App. at 748 (citation omitted). To prevail at summary judgment, the store owner must show not only that it had a reasonable inspection policy but also that the policy was actually carried out at the time of the incident in question. *Id.* In addition, to survive summary judgment, the plaintiff need not show how long the hazard was present in the area unless the owner has demonstrated that its inspection procedures were followed. *Id.* Finally, "[r]egardless of the adequacy of any inspection program, when an owner shows that an inspection occurred within a brief period of time prior to an invitee's fall, the inspection procedure was adequate as a matter of law and defeats an invitee's negligence action." *Mucyo*, 301 Ga. App. at 601.

Publix argues that its Inspection Policy is reasonable as a matter of law and that Publix employees working that day carried out the Policy. (Br. in Supp. of Def.'s Mot. for Summ. J., at 9–10.) In response, Tolbert argues that Publix's "imprecise and dubious" Policy cannot sustain its motion for summary judgment. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 11.) The Court finds that it need not resolve the issue of whether Publix's Inspection Policy was reasonable as a matter of law because Publix has shown that Thompson's inspection of the incident area occurred ten minutes before Tolbert's fall. *See Mucyo*, 301 Ga. App. at 601. Such a showing precludes a

finding of constructive knowledge based on any deficient inspection policy. In addition, the fact that there is no evidence before the Court that suggests the alleged hazard could have been discovered during a reasonable inspection also precludes a finding of constructive knowledge. *See Chastain*, 256 Ga. App. at 803 ("If there is no evidence that the water could have been discovered during a reasonable inspection, then no inference arises that defendants' failure to discover the defect was the result of any alleged failure to inspect.")

In support of its claim that Publix lacked reasonable inspection procedures, the Plaintiff relies on *Benefield v. Tominich*, 308 Ga. App. 605, 608–11 (2011). (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 9, 11–12.) In *Benefield*, the applicable policy provided that the incident area had to always be kept neat and tidy and that all shifts were responsible for keeping the area free of debris, but it made no mention of how frequently the area had to be checked by the defendant-store's employees. *Benefield*, 308 Ga. App. at 609. The Georgia Court of Appeals held that the store's inspection procedures were not reasonable as a matter of law. *Id.* at 610. The court considered pertinent the fact that approximately five hours had elapsed between the time the area was last checked by a store employee and the time the plaintiff slipped and fell. *Id.* Under those circumstances and considering that hazardous spills and debris were not uncommon at the type of store where the plaintiff's injury occurred, the court found that the trial court erred in granting summary judgment to the store. *Id.* at 611.

9

The Court finds the present case factually distinguishable from *Benefield*. To begin with, Thompson averred that she visually inspected the area where Tolbert fell approximately ten minutes before the fall—a stark contrast to the five hours that had elapsed between the plaintiff's fall and the last previous inspection in *Benefield*. (Thompson Aff. ¶ 13.) In addition, the Court finds that Publix's Inspection Policy is far more comprehensive than the policy at issue in *Benefield*. Publix's Policy requires that employees visually scan the store's floor as they are working, carry a paper towel at all times to wipe up small amounts of liquid that they encounter as they visually scan, and remove or stay with any hazard until it no longer poses a threat—also a stark contrast to the "neat and tidy" approach in *Benefield*. (*Id.* ¶ 15.) The Policy's comprehensiveness is evidenced by the fact that Thompson inspected the incident area just ten minutes before Tolbert's fall. Thus, Tolbert's reliance on *Benefield* is unavailing.

Also under the second prong, the Georgia Court of Appeals has held that "[w]here it appears a foreign object had 'not been present for more than 10 to 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it.'" *Mazur v. Food Giant, Inc.*, 183 Ga. App. 453, 454 (1987) (citation omitted); *see also Brown*, 305 Ga. App. at 252 ("[W]e have held that inspections conducted within 15 minutes prior to the plaintiff's fall were reasonable."). Here, the undisputed facts show that that Publix's

assistant deli manager conducted an inspection of the incident area approximately ten minutes before Tolbert slipped and fell. (Thompson Aff. ¶ 13; Def.'s Statement of Undisputed Material Facts ¶ 19.) Thus, under *Mazur*, Thompson's inspection precludes a finding of constructive knowledge under the second prong.

The Plaintiff also argues that the Georgia Court of Appeals' holding in *Davis v. Bruno's Supermarkets, Inc.*, 263 Ga. App. 147, 150 (2003), bars summary judgment in the present case. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 10–11.) The court in *Davis* found that the store manager's affidavit supporting its motion for summary judgment was insufficient because the manager himself did not conduct the inspection at issue. *Davis*, 263 Ga. App. at 149. And the court in *Davis* also found that the timing of the inspection procedures precluded a grant of summary judgment, reiterating the following:

> The length of time the substance must remain on the floor before the owner should have discovered it and what constitutes a reasonable inspection procedure vary with each case, depending on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition, and the store's location. . . . Thus, an inspection may be required more frequently than every 30 minutes.

*Davis*, 263 Ga. App. at 150 (quoting *Shepard*, 241 Ga. App. at 748–49). The Court finds the present case factually distinguishable from *Davis*, considering Thompson had personal knowledge of the inspection and considering Thompson last inspected the area where Tolbert fell just ten minutes prior.

11

Finally, Tolbert argues that excerpts from her deposition show that there was a history of the floor where she fell being greasy, but she fails to specify how such a history of grease constitutes Publix's actual or constructive knowledge of the alleged hazard. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 6–7.) The Court briefly addresses both possibilities. Most slip-and-fall cases turn on the issue of constructive knowledge, as opposed to actual knowledge; thus, the Court begins the inquiry with a dictionary definition of "actual knowledge" before turning to the two prongs of constructive knowledge.

Black's Law Dictionary defines "actual knowledge" as "direct and clear knowledge, as distinguished from constructive knowledge," or "[k]nowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person." *Knowledge*, Black's Law Dictionary (11th ed. 2019). Having a history of being greasy does not constitute direct or clear knowledge that the floor was in fact greasy on the day of Tolbert's fall. Thus, the Court cannot conclude that the floor having a history of being greasy creates a genuine dispute of material fact as to the issue of actual knowledge.

Regarding constructive knowledge, Tolbert's allegation of the floor having a history of being greasy does not fit squarely into the first prong of the constructive knowledge test (it does not suggest that the alleged hazard was easily visible), nor does it fit squarely within the second prong (it does not suggest that the hazard was present long enough that the defendant should

12

have discovered it with ordinary diligence). The allegation does not suggest that the hazard was present *at all* on the day in question. Even if the floor had a propensity for being greasy, such a fact is insufficient to impute constructive knowledge under established Georgia precedent. Accordingly, the Court finds that Publix has shown it lacked both actual and constructive knowledge of any hazard that allegedly caused Tolbert's fall and is therefore entitled to summary judgment on Tolbert's negligence claim.[4]

## IV. Conclusion

For the foregoing reasons, the Defendant's Motion for Summary Judgment [Doc. 11] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of the Defendant and to close the case.

SO ORDERED, this ___4th___ day of October, 2022.

THOMAS W. THRASH, JR.
United States District Judge

---

[4] Because the absence of actual or constructive knowledge is a sufficient ground to grant summary judgment in favor of Publix, the Court declines to address whether Tolbert lacked knowledge of the alleged substance or, for some reason attributable to Publix, was prevented from discovering it.